JS 44 - CAND (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON PAGE TWO.)

**I.(a) PLAINTIFFS**

TEAL ESPRIT-TOUCHETTE

KING CO.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Levin Simes & Kaiser LLP, One Bush St.14th Fl.,
San Francisco, CA 94104   (415) 646-7160

**DEFENDANTS**

ELI LILLY AND COMPANY

MARION  CO.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

ATTORNEYS (IF KNOWN)
PEPPER HAMILTON LLP

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question
(U.S. Government Not a Party)

☑ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF
(For diversity cases only)                   AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☑ 4 |
| Citizen of Another State | ☑ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN    (PLACE AN "X" IN ONE BOX ONLY)

☑ Original Proceeding

☐ Removed from State Court

☐ Remanded from Appellate Court

☐ Reinstated or Reopened

☐ Transferred from Another district (specify)

☐ Multidistrict Litigation

☐ Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT    (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☑ 366 Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | ☐ 640 RR & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **LABOR** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders Suits | ☐ 360 Other Personal Injury | ☐ 386 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt Relations | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Empl.Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate Sentence Habeas Corpus: | | **FEDERAL TAX SUITS** | |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | | ☐ 870 Taxes (US Plaintiff or Defendant | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing | ☐ 535 Death Penalty | | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer w/ disab - Empl | ☐ 555 Prison Condition | | | |
| | ☐ 446 Amer w/ disab - Other | | | | |
| | ☐ 480 Consumer Credit | | | | |
| | ☐ 490 Cable/Satellite TV | | | | |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Venue pursuant to 28 USC § 1391(c) is proper because Defendant Eli Lilly and Company has sufficient contacts within the city and county of San Francisco, CA to subject it to personal jurisdiction.

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION   DEMAND $ 60,000 CHECK YES only if demanded in complaint:
UNDER F.R.C.P. 23                                                        JURY DEMAND:☑ YES ☐ NO

**VIII. RELATED CASE(S)    PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE
IF ANY                          "NOTICE OF RELATED CASE".**

**IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)**          ☑ SAN FRANCISCO/OAKLAND          ☐ SAN JOSE

DATE                          SIGNATURE OF ATTORNEY OF RECORD

11/29/05

# United States District Court
## NORTHERN DISTRICT OF CALIFORNIA

TEAL ESPRIT-TOUCHETTE

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:

V.

ELI LILLY AND COMPANY



TO: (Name and address of defendant)

ELI LILLY AND COMPANY
C/O
NATIONAL REGISTERED AGENTS, INC.
2030 MAIN STREET STE 1030
IRVINE, CA 92614

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

WILLIAM A. LEVIN [SBN 98592]
LEVIN SIMES & KAISER, LLP
ONE BUSH STREET, 14TH FLOOR
SAN FRANCISCO, CA 94104

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Richard W. Wieking

CLERK

(BY) DEPUTY CLERK

DATE_____

# United States District Court
## NORTHERN DISTRICT OF CALIFORNIA

TEAL ESPRIT-TOUCHETTE

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:

v.

**C 05   4907**

ELI LILLY AND COMPANY

**SI**

TO: (Name and address of defendant)

ELI LILLY AND COMPANY
C/O
NATIONAL REGISTERED AGENTS, INC.
2030 MAIN STREET STE 1030
IRVINE, CA 92614

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

WILLIAM A. LEVIN [SBN 98592]
LEVIN SIMES & KAISER, LLP
ONE BUSH STREET, 14TH FLOOR
SAN FRANCISCO, CA 94104

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Richard W. Wieking

NOV 2 9 2005

CLERK

DATE_____

_____
(BY) DEPUTY CLERK

WILLAIM A. LEVIN, ESQ. [SBN 98592]
LAUREL L. SIMES, ESQ. [SBN 134637]
JEFFREY A. KAISER, ESQ. [SBN 160594]
**LEVIN SIMES & KAISER LLP**
One Bush Street, 14th Floor
San Francisco, CA 94104
Telephone: (415) 646-7160
Fax: (415) 981-1270

Attorneys for PLAINTIFF

**ORIGINAL
FILED**

NOV 2 9 2005

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

TEAL ESPRIT-TOUCHETTE,

                     Plaintiff,

vs.

ELI LILLY AND COMPANY,

                     Defendant.

**C 05 4907 SI**

**COMPLAINT FOR NEGLIGENCE,
STRICT PRODUCTS LIABILITY
AND BREACH OF WARRANTY**

**DEMAND FOR JURY TRIAL**

Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1.  This Court has jurisdiction pursuant to 28 USC § 1332, in that Plaintiff is a citizen of a State that is different from the State where Defendant Eli Lilly Company is incorporated and has its principal place of business.  The amount in controversy exceeds seventy-five thousand dollars ($75,000.00) as to each Plaintiff.  Venue pursuant to 28 USC § 1391(c) is proper because Defendant Eli Lilly and Company has sufficient contacts within the city and county of San Francisco, CA to subject it to personal jurisdiction.

### INTRODUCTION AND PARTIES

2.      This is a civil action regarding damages that occurred as a result of TEAL ESPRIT-TOUCHETTE'S ("Plaintiff") ingestion of the drug Olanzapine that was designed, manufactured, promoted and/or sold by Defendant Eli Lilly Company ("LILLY") and/or LILLY's representatives under the name Zyprexa® ("Zyprexa").

3.      Plaintiff is a resident of the State of WASHINGTON.

4.      LILLY is a pharmaceutical company incorporated in the State of Indiana, with its principal place of business at Lilly Corporate Center, Indianapolis, Indiana 46285.

5.      LILLY is duly authorized to conduct business in the State of California and does business in California and in San Francisco.

6.      At all times relevant here, LILLY advertised, promoted, and sold Zyprexa in California and San Francisco.

7.      LILLY expected or should have expected its acts to have consequences within the State of California and in San Francisco.

### FACTUAL BACKGROUND

8.      In September 1996, LILLY obtained approval from the U.S. Food and Drug Administration ("FDA") to market the prescription drug Zyprexa for treatment of adults with schizophrenia with a target dosage of 10 mg/d.

9.      In 2001, LILLY updated the Zyprexa label to include a newly FDA approved indication for the short-term treatment of acute manic episodes associated with Bipolar I Disorder with recommended doses of 10-20 mg/d.

10.     Zyprexa has never been indicated for the treatment of children for any purpose and, in fact, has never been approved by the FDA for any use other than that set forth above in paragraphs 8 and 9.

11.     Despite its limited approval, through LILLY's marketing efforts, Zyprexa has become the third-best selling drug in the world.

12.     According to LILLY's most recent Form 10Q, 2004 worldwide Zyprexa sales currently exceed $1 billion per quarter, which makes Zyprexa by far LILLY's top selling drug.

13.     Immediately after Zyprexa's release, LILLY became aware of large numbers of adverse event reports ("AERs") on file with the FDA's Medwatch database involving diabetes- related illnesses associated with the use of Zyprexa. Specifically, there were 200 AERs after two years of marketing, 400 AERs after three years and nearly 600 diabetes-related AERs in Zyprexa's fourth year of marketing, all of which were reported to the FDA and known to LILLY.

14.     In April 2002, nearly a year and a half before it first warned of the risk of diabetes in the United States, LILLY changed its labeling in the United Kingdom and Japan to include warnings regarding the association between the use of Zyprexa and diabetes-related injuries.

15.     LILLY has been required to revise the labeling of Zyprexa seventeen times since its introduction to the market.

16.     Due to the known diabetes risk, LILLY was eventually forced to add a diabetes warning by the FDA. On September 11, 2003, the FDA informed all manufacturers of atypical antipsychotic drugs, including Drug Defendants, that due to an increasing prevalence of diabetes- related illnesses associated with this class of drugs, that all labeling must bear the following language in the Warnings section:

> Hyperglycemia, in some cases extreme and associated with ketoacidosis or hyperosmolar coma or death, has been reported in patients treated with atypical antipsychotics. Assessment of the relationship between atypical antipsychotic use and glucose abnormalities is complicated by the possibility of an increased background risk of diabetes mellitus in patients with schizophrenia and the increasing incidence of diabetes mellitus in the general population. Given these

confounders, the relationship between atypical antipsychotic use and hyperglycemia-related adverse events is not completely understood. However, epidemiologic studies suggest an increased risk of treatment emergent hyperglycemia-related adverse events in patients treated with atypical antipsychotics. Precise risk estimates for hyperglycemia-related adverse events in patients treated with atypical antipsychotics are not available.

Patients with an established diagnosis of diabetes mellitus who are started on atypical antipsychotics should be monitored regularly for worsening of glucose control. Patients with risk factors for diabetes mellitus (e.g., obesity, family history of diabetes) who are starting treatment with atypical antipsychotics should undergo fasting blood glucose testing at the beginning of treatment and periodically during treatment. Any patient treated with atypical antipsychotics should be monitored for symptoms of hyperglycemia including polydipsia, polyuria, polyphagia, and weakness. Patients who develop symptoms of hyperglycemia during treatment with atypical antipsychotics should undergo fasting blood glucose testing. In some oases, hyperglycemia has resolved when the atypical antipsychotic was discontinued; however, some patients required continuation of anti-diabetic treatment despite discontinuation of the suspect drug.

17.     Despite the FDA mandate that LILLY immediately warn of the dangers described above, LILLY waited an additional six (6) months, until March 1, 2004, to send prescribing physicians a "Dear Doctor Letter" advising of the new warnings. Further, the foregoing warning did not appear in the Physicians' Desk Reference until the 2005 edition.

18.     In March 2004, the U.S. Attorney for the Eastern District of Pennsylvania commenced an investigation into LILLY's marketing practices concerning Zyprexa. LILLY has also received a grand jury subpoena from the Office of Consumer Litigation, Department of Justice concerning the marketing and promotional practices with respect to a different LILLY drug.

## **ALLEGATIONS**

19.     LILLY knew of the hazards associated with Zyprexa, but LILLY affirmatively and actively concealed information that clearly demonstrated the dangers of Zyprexa and misled the public and prescribing physicians with regard to the material and clear risks associated with Zyprexa.

20.     LILLY did so with the intent that prescribing physicians would continue to prescribe Zyprexa even though LILLY knew that prescribing physicians would not be in a position to know the true risks of Zyprexa and LILLY knew that prescribing physicians would rely upon the misleading information that LILLY promulgated.

21.     LILLY, through its funding and control of certain studies concerning the effects of Zyprexa on human health, its control over trade publications, promoting, marketing, and/or through other agreements, understandings and joint undertakings and enterprises, conspired with, cooperated with and/or assisted in the wrongful suppression, active concealment and/or misrepresentation of the true relationship between Zyprexa and various diseases, all to the detriment of the public health, safety and welfare.

22.     Lilly improperly provided financial inducements to physicians to promote Zyprexa for uses beyond those which the FDA approved and beyond those for which Zyprexa was medically accepted.

23.     Lilly improperly provided financial inducements to State Government officials to encourage acceptance of Zyprexa for uses beyond those which the FDA approved and beyond those for which Zyprexa was medically accepted.

24.     At all pertinent times, LILLY purposefully and intentionally engaged in these activities, and continues to do so, knowing full well that when the general public, including Plaintiff, used Zyprexa as LILLY intended, they would be substantially at risk of suffering disease, injury and sickness.

25.     The statements, representations and promotional schemes publicized by LILLY were deceptive, false, incomplete, misleading and untrue.

26.     LILLY knew, or should have known, that its statements, representations and advertisements regarding Zyprexa were deceptive, false, incomplete, misleading and untrue at the time of making such statements.

27.     LILLY had an economic interest in making such statements. Neither Plaintiff nor the physicians who prescribed Zyprexa had knowledge of the falsity or untruth of LILLY's statements, representations and advertisements when prescriptions for Zyprexa were written.

28.     Plaintiff and Plaintiff's physician had a right to rely on LILLY's statements, representations and advertisements. Each of the statements, representations and advertisements were material to the Plaintiff's purchase of Zyprexa in that the Plaintiff would not have purchased Zyprexa if Plaintiff had known that LILLY's statements, representations and advertisements were deceptive, false, incomplete, misleading and untrue.

29.     Had Plaintiff been adequately warned of the potential life-threatening side effects of Zyprexa Plaintiff could have chosen to request other prescription medications.

30.     LILLY negligently, recklessly and wantonly failed to warn Plaintiff, and the general public, of the risks associated with taking Zyprexa and failed to do so even after various studies, including their own, showed that there were problems concerning the risks of diabetes and diabetes-related injuries associated with Zyprexa.

31.     LILLY endeavored to deceive Plaintiff, and the general public, by not disclosing the findings of the various studies, including their own, which revealed problems concerning the dangers of Zyprexa.

32.     LILLY did not provide warnings and instructions that would have put Plaintiff, and the general public, on notice of the dangers and adverse effects caused by Zyprexa.

33.     LILLY designed, manufactured, distributed, sold and/or supplied Zyprexa and otherwise placed the product into the stream of commerce in a defective and unreasonably dangerous condition, taking into consideration the utility of the drug and the risk to Plaintiff and the general public.

34.     Zyprexa as designed, manufactured, distributed, sold and/or supplied by LILLY was defective due to inadequate warnings, instructions and/or labeling.

35.     Zyprexa as designed, manufactured, distributed, sold and/or supplied by LILLY  was defective due to inadequate testing before and after LILLY's knowledge of the various studies, including their own, evidencing the rightful concerns over the risks of diabetes and diabetes-related injuries associated with Zyprexa.

## DISCOVERY RULE & FRAUDULENT CONCEALMENT

36.     The nature of Plaintiff's injuries and their relationship to Zyprexa use were inherently undiscoverable. Consequently, the discovery rule should be applied to toll the running of the statute of limitations until Plaintiff knew or through the exercise of reasonable care and diligence should have known of the existence of his claims against LILLY.  Plaintiff did not discover, and through the exercise of reasonable care and due diligence could not have discovered his injuries earlier.

37.     Plaintiff did not have knowledge of facts that would lead a reasonable, prudent person to make inquiry to discover LILLY's tortious conduct. Under appropriate application of the "discovery rule," Plaintiff's suit was filed well within the applicable statutory limitations period.

38.     LILLY is estopped from asserting a statute of limitations defense because LILLY fraudulently concealed from Plaintiff the nature of Plaintiff's injury and the connection between the injury, Zyprexa, and LILLY's tortious conduct.

///

///

///

# FIRST CAUSE OF ACTION

## (NEGLIGENCE)

39.　　Plaintiff repeats, reiterates and re-alleges each and every allegation of this Complaint contained in paragraphs "1" through "37" inclusive, with the same force and effect as if more fully set forth herein.

40.　　At all times herein mentioned, LILLY had a duty to properly design, formulate, compound, research, test, manufacture, label, package, market, promote, sell and adequately warn of the risks and dangers of Zyprexa.

41.　　At all times herein mentioned, LILLY negligently and carelessly designed, formulated, compounded, manufactured, researched, tested, labeled, marketed, packaged, and sold Zyprexa and failed to adequately test and warn of the risks and dangers of Zyprexa.

42.　　LILLY negligently committed the following acts and/or omissions:

- Failing to use reasonable care in testing and researching Zyprexa so as to ascertain whether or not Zyprexa was safe for the purpose for which it was designed, manufactured, promoted, and sold;

- Failing to use reasonable care in the process of manufacturing Zyprexa in a reasonably safe condition for the use for which it was intended;

- Failing to adequately and correctly warn the public and the medical, psychiatric, and healthcare profession of the dangers, contra-indications, and/or side effects of Zyprexa;

- Failing to provide adequate instructions regarding safety precautions to be observed by users, handlers, and persons who would reasonably and foreseeably come into contact with Zyprexa

- Advertising and recommending the use of Zyprexa without sufficient knowledge as to its dangerous propensities

- Improperly obtaining the approval of the FDA to market the drug after misrepresenting the risks of the drug to the FDA, in knowing that it was a substance which caused injury to its users;

- Promoting Zyprexa for uses not approved by the FDA without adequately disclosing the associated risks;

- Failing to do appropriate post-market testing of Zyprexa;

- Failing to do appropriate post-market surveillance of Zyprexa; and

- Such further acts and/or omissions that may be proven at trial.

43.     LILLY made the following material representations that were false and that were either known to be false when made or were negligently asserted without knowledge of their truth:

- Misrepresentations regarding the respective frequency of Zyprexa related adverse event reports or occurrences in the drug's label, package insert or PDR label;

- Misrepresentations as to the existence, occurrence and frequency of occurrences, severity and extent of the overall risks of Zyprexa;

- Misrepresentations as to the respective efficacy of Zyprexa;

- Misrepresentations as to the respective number of adverse events and deaths reported with the use of Zyprexa;

- Misrepresentations regarding the respective nature, seriousness, and severity of adverse events reported with the use of Zyprexa.

44.     LILLY intended that these misrepresentations be relied upon by physicians and consumers and Plaintiff did, in fact, rely upon the misrepresentations and they were a proximate cause of Plaintiff's injuries.

45.     LILLY knew or should have known that consumers such as Plaintiff would foreseeably suffer injury as result of LILLY's failure to exercise ordinary care as described above.

46.     LILLY's negligence was a proximate cause of Plaintiff's injuries, harm and economic loss which Plaintiff suffered and will continue to suffer as previously described.

47.     The foregoing acts, conduct and omissions of LILLY were vile, base, willful, malicious, wanton, oppressive and fraudulent; were done with a conscious disregard for the health, safety and rights of Plaintiff and other users of Zyprexa, and for the primary purpose of increasing LILLY's profits from the sale and distribution of Zyprexa.  As such Plaintiff is entitled to exemplary damages against LILLY.

## SECOND CAUSE OF ACTION

## (STRICT PRODUCTS LIABILITY – DESIGN DEFECT AND FAILURE TO WARN)

48.     Plaintiff repeats, reiterates and re-alleges each and every allegation of this Complaint contained in paragraphs "1" through "47" inclusive, with the same force and effect as if more fully set forth herein.

49.     At all times mentioned herein, LILLY knew that Zyprexa would reach the intended prescribers, distributors and consumers without substantial change from the condition in which it was manufactured and sold by LILLY and that Zyprexa would be used without inspections for defects.

50.     Plaintiff neither knew nor had reason to know at the time of use of the existence of the defects and Plaintiff used Zyprexa in a manner normally intended, recommended, promoted and/or marketed by LILLY.

51.     Zyprexa was defective in design because, when it left LILLY's hands and/or its representatives, the foreseeable risks of serious harm posed by Zyprexa outweighed its alleged benefits.

52.     Zyprexa was defective in design in that, when it left LILLY's hands and/or its representatives, it was more dangerous than an ordinary consumer would reasonably expect.

53.     Zyprexa was also defective in that, when it left LILLY's hands and/or its representatives, the warnings, instructions and directions for use failed to warn of the dangerous propensities of Zyprexa, which risks were known or foreseeable to LILLY.

54.     Plaintiff could not, by the exercise of reasonable care, have discovered the defects herein mentioned and perceived their danger.

55.     As a result of the foregoing acts and omissions, Plaintiff suffered personal injuries and related damages.

56.     The foregoing acts, conduct and omissions of LILLY were vile, base, willful, malicious, wanton, oppressive and fraudulent; were done with a conscious disregard for the health, safety and rights of Plaintiff and other users of Zyprexa, and for the primary purpose of increasing LILLY's profits from the sale and distribution of Zyprexa.  As such Plaintiff is entitled to exemplary damages against LILLY.

### THIRD CAUSE OF ACTION

### (BREACH OF IMPLIED WARRANTY)

57.     Plaintiff repeats, reiterates and re-alleges each and every allegation of this Complaint contained in paragraphs "1" through "56" inclusive, with the same force and effect as if more fully set forth herein.

58.     LILLY represented to Zyprexa consumers and their healthcare providers that Zyprexa was safe and fit for use for the purposes intended, that it was of merchantable quality, and that it did not produce any undisclosed dangerous side effects.

59.     Plaintiff relied on LILLY's warranties regarding Zyprexa.

60.    Members of the medical community, including physicians, psychiatrists, and other healthcare professionals, relied upon the representations and warranties of LILLY in prescribing, recommending and/or dispensing Zyprexa.

61.    LILLY breached the aforesaid express warranties because Zyprexa was defective, as set forth above.

62.    LILLY knew or should have known that, in fact, said representations and warranties were false, misleading and untrue in that Zyprexa was not safe and fit for the use intended, and, in fact, produces serious injuries to the user.

63.    As a result of the foregoing acts and omissions, Plaintiff suffered personal injuries and related damages.

64.    When Plaintiff was made aware that Plaintiff's injuries were a result of the aforesaid product, notice was duly given to defendant of the breach of warranty by way of this complaint.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment against LILLY as follows:

1.   General damages in the amount of at least $10,000,000.00;

2.   Exemplary damages in the amount of at least $50,000,000.00;

3.   Costs of suit; and

4.   For such other relief as the court deems proper.

Dated: November 23, 2005

LEVIN SIMES & KAISER LLP

By:

William A. Levin
Laurel L. Simes
Jeffrey A. Kaiser

Attorneys for Plaintiff
TEAL ESPRIT-TOUCHETTE

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury as to all issues.

LEVIN SIMES & KAISER LLP

By: _____

William A. Levin
Laurel L. Simes
Jeffrey A. Kaiser

Attorneys for Plaintiff
TEAL ESPRIT-TOUCHETTE

JS 44 - CAND (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

**I.(a) PLAINTIFFS**

TEAL ESPRIT-TOUCHETTE

KING CO.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Levin Simes & Kaiser LLP, One Bush St.14th Fl.,
San Francisco, CA 94104  (415) 646-7160

**DEFENDANTS**

ELI LILLY AND COMPANY

MARION CO.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

ATTORNEYS (IF KNOWN)
PEPPER HAMILTON LLP

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF
(For diversity cases only) AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business In This State | ☐4 | ☒4 |
| Citizen of Another State | ☒2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ Original Proceeding
- ☐ Removed from State Court
- ☐ Remanded from Appellate Court
- ☐ Reinstated or Reopened
- ☐ Transfered from Another district (specify)
- ☐ Multidistrict Litigation
- ☐ Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐110 Insurance<br>☐120 Marine<br>☐130 Miller Act<br>☐140 Negotiable Instrument<br>☐150 Recovery of Overpayment & Enforcement of Judgment<br>☐151 Medicare Act<br>☐152 Recovery of Defaulted Student Loans (Excl Veterans)<br>☐153 Recovery of Overpayment of Veteran's Benefits<br>☐160 Stockholders Suits<br>☐190 Other Contract<br>☐195 Contract Product Liability<br>☐196 Franchise | **PERSONAL INJURY**<br>☐310 Airplane<br>☐315 Airplane Product Liability<br>☐320 Assault Libel & Slander<br>☐330 Federal Employers Liability<br>☐340 Marine<br>☐345 Marine Product Liability<br>☐350 Motor Vehicle<br>☐355 Motor Vehicle Product Liability<br>☐360 Other Personal Injury | **PERSONAL INJURY**<br>☐362 Personal Injury Med Malpractice<br>☒365 Personal Injury Product Liability<br>☐368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐370 Other Fraud<br>☐371 Truth In Lending<br>☐380 Other Personal Property Damage<br>☐385 Property Damage Product Liability | ☐610 Agriculture<br>☐620 Other Food & Drug<br>☐625 Drug Related Seizure of Property 21 USC 881<br>☐630 Liquor Laws<br>☐640 RR & Truck<br>☐650 Airline Regs<br>☐660 Occupational Safety/Health<br>☐690 Other<br>**LABOR**<br>☐710 Fair Labor Standards Act<br>☐720 Labor/Mgmt Relations<br>☐730 Labor/Mgmt Reporting & Disclosure Act<br>☐740 Railway Labor Act<br>☐790 Other Labor Litigation<br>☐791 Empl.Ret. Inc. Security Act | ☐422 Appeal 28 USC 158<br>☐423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐820 Copyrights<br>☐830 Patent<br>☐840 Trademark<br>**SOCIAL SECURITY**<br>☐861 HIA (1395ff)<br>☐862 Black Lung (923)<br>☐863 DIWC/DIWW (405(g))<br>☐864 SSID Title XVI<br>☐865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐870 Taxes (US Plaintiff or Defendant<br>☐871 IRS - Third Party 26 USC 7609 | ☐400 State Reapportionment<br>☐410 Antitrust<br>☐430 Banks and Banking<br>☐450 Commerce/ICC Rates/etc.<br>☐460 Deportation<br>☐470 Racketeer Influenced and Corrupt Organizations<br>☐810 Selective Service<br>☐850 Securities/Commodities/Exchange<br>☐875 Customer Challenge 12 USC 3410<br>☐891 Agricultural Acts<br>☐892 Economic Stabilization Act<br>☐893 Environmental Matters<br>☐894 Energy Allocation Act<br>☐895 Freedom of Information Act<br>☐900 Appeal of Fee Determination Under Equal Access to Justice<br>☐950 Constitutionality of State Statutes<br>☐890 Other Statutory Actions |
| **REAL PROPERTY**<br>☐210 Land Condemnation<br>☐220 Foreclosure<br>☐230 Rent Lease & Ejectment<br>☐240 Torts to Land<br>☐245 Tort Product Liability<br>☐290 All Other Real Property | **CIVIL RIGHTS**<br>☐441 Voting<br>☐442 Employment<br>☐443 Housing<br>☐444 Welfare<br>☐440 Other Civil Rights<br>☐445 Amer w/ disab - Empl<br>☐446 Amer w/ disab - Other<br>☐480 Consumer Credit<br>☐490 Cable/Satellite TV | **PRISONER PETITIONS**<br>☐510 Motion to Vacate Sentence Habeas Corpus:<br>☐530 General<br>☐535 Death Penalty<br>☐540 Mandamus & Other<br>☐550 Civil Rights<br>☐555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Venue pursuant to 28 USC § 1391(c) is proper because Defendant Eli Lilly and Company has sufficient contacts within the city and county of San Francisco, CA to subject it to personal jurisdiction.

## VII. REQUESTED IN COMPLAINT: ☐ CHECK IF THIS IS A CLASS ACTION    DEMAND $60,000 ☒ CHECK YES only if demanded in complaint:
UNDER F.R.C.P. 23     JURY DEMAND:☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE
"NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)     ☒ SAN FRANCISCO/OAKLAND     ☐ SAN JOSE

DATE  11/29/05

SIGNATURE OF ATTORNEY OF RECORD

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |  |
|---|---|---|
| Plaintiff(s), | ) ) ) ) ) | NO.  C-                     SI |
| vs. | ) ) | **CASE MANAGEMENT** |
|  | ) ) | **CONFERENCE ORDER** |
| Defendant(s). | ) ) | |

**IT IS HEREBY ORDERED** that, pursuant to Rule 16(b), Federal Rules of Civil Procedure, and Civil L.R. 16-10, a Case Management Conference will be held in this case before the Honorable Susan Illston on _____ at 2:00 p.m. in Courtroom No. 10, 19th floor Federal Building.

Plaintiff(s) shall serve copies of this Order at once on all parties to this action, and on any parties subsequently joined, in accordance with the provisions of Fed.R.Civ.P. 4 and 5.   Following service, plaintiff(s) shall file certificate of service with the Clerk of this Court.

Counsel are directed to confer in advance of the Case Management Conference with respect to all of the agenda items listed below.  Not less than seven days before the conference, counsel shall file a joint case management statement addressing each agenda item.  Failure to file a joint statement shall be accompanied by a signed declaration setting forth the grounds for such failure. Failure to show good cause for such failure may subject the parties to sanctions.

Each party shall be represented at the Case Management Conference by counsel prepared to address all of the matters referred to in this Order, and with authority to enter stipulations and make admissions pursuant to this Order.  The parties are encouraged to attend.

Any request to reschedule the above dates should be made in writing, and by stipulation, if possible, not less than ten days before the conference date. Good cause must be shown.

The parties should be prepared to address and resolve at the Case Management Conference the following: setting the date and the estimated length of the trial; setting the date for discovery cutoff; setting the date to designate experts and other witnesses; and setting the date for the pretrial conference.

Other agenda matters which the Court will address at the Case Management Conference include the following:

1.      Does the Court have subject matter jurisdiction over all of the plaintiff's claim(s) and defendant's counter-claim(s)?  What is the basis of that jurisdiction?  Are all the parties subject to the Court's jurisdiction?  Do any parties remain to be served?

2.      What are the factual and legal basis for plaintiff's claim(s) and defendant's defense(s)?  Defendant's counter-claim(s) and plaintiff's defense(s) to the counterclaim(s)?

3.      What are the factual and legal issues genuinely in dispute?

4.      What are the issues that can be narrowed by agreement or by motions?  Are there dispositive or partially dispositive issues appropriate for decision on motion?

5.      What are the motions anticipated by the parties?

6.      What relief does plaintiff seek?  What is the amount of damage(s) sought by plaintiff's claim(s)?  What is the amount of damage(s) sought by defendant's counterclaim(s)?  How are the damages computed?

7.  What discovery does each party intend to pursue?  Can discovery be limited in any manner?  Are there any alternative methods available to obtain the necessary information?  Should a discovery order and conference be entered pursuant to Fed.R.Civ.P 26(f)?

8.      Is this case suitable for reference to a binding arbitration, to a Special Master, or to a Magistrate Judge for trial?  Is the case suitable for reference to the Judicial Panel on Multidistrict Litigation?

9.      Will this case be tried by a jury?  What is the anticipated length of trial?  Is it possible to reduce the length of trial by stipulation, use of summaries or statements, or other expedited means of presenting evidence?  Is it feasible and desirable to bifurcate issues for trial?

10.     Are there related cases pending before other Judges of this Court?  See Civil L.R. 3-12.

11.     If a class action, how and when will the class(es) be certified?

12.     What are the earliest reasonable dates for discovery cutoff, pretrial conference and trial?

13.     What are the prospects for settlement?  Does any party wish to have a settlement conference with another Judge or Magistrate Judge?  How can settlement efforts be assisted?  See A.D.R. L.R. 7.

14.     Such other matters as any party considers conducive to the just, speedy and inexpensive determination of this action.

CIVIL LAW AND MOTION MATTERS WILL BE HEARD ON FRIDAYS AT 9:00 A.M.  COUNSEL SHALL COMPLY WITH CIVIL L.R. 7 WITH RESPECT TO MOTION PROCEDURES.

Discovery disputes: Counsel seeking the Court's intervention in a discovery dispute shall, after full compliance with Civil L.R. 37-1, file and serve a letter brief, 5 pages or less, explaining the dispute and the relief sought.  Opposing counsel shall respond by letter brief, 5 pages or less, within one week.  The Court will deem the matter submitted unless the Court determines that the issue requires oral argument, in which case a conference will be arranged.  For good cause shown, based on legal or factual complexity, discovery disputes may be brought by formal noticed motion heard on a regular law and motion calendar.  However, leave of Court to do so must be sought and obtained by ex-parte application in accordance with Civil L.R. 7-1(a)(3).

Failure to comply with this Order or the Local Rules of this Court may result in sanctions.  See Fed.R.Civ.P. 16(f), Civil L.R. 1-4.

IT IS SO ORDERED.

s/Susan Illston
SUSAN ILLSTON
United States District Judge

**JUDGE**

# SUSAN ILLSTON
## STANDING ORDERS

1. <u>Scheduling Days</u>:

    a.  Criminal Law and Motion Calendar is conducted on Fridays at 11:00 a.m.

    b.  Civil Law and Motion Calendar is conducted on Fridays at 9:00 a.m.

    c.  Case Management Conferences are generally conducted on Fridays at 2:00 p.m, with order of call determined by the Court.

    d.  Pretrial Conferences are generally conducted on Tuesday afternoon at 3:30 p.m.

    e.  Counsel shall not reserve a motion hearing date, but may call the clerk to obtain the next available law and motion calendar.  Motions may be reset as the Court's calendar requires.

2. <u>Proposed Orders Required</u>: Each party filing or opposing a motion shall also serve and file a proposed order which sets forth the relief or action sought and a <u>short</u> statement of the rationale of decision, including citation of authority, that the party requests the Court to adopt.

3. <u>Sealed Documents</u>: Counsel must strictly adhere to Civil Local Rule 79-5 when attempting to file documents under seal.  Counsel shall submit the unsealed portion for filing in the public record.  The proposed sealed portions must be placed in envelopes and submitted with the motion for leave to file under seal.  The motion must specifically identify the portions to be filed under seal.  The proposed order must identify exactly what is to be filed under seal.  All chambers' copies must contain both the sealed and unsealed materials.

4. <u>Courtesy Copies</u>: All courtesy copies submitted **MUST** be three-hole punched at the left margin.

5. <u>Procedural Matters</u>: Parties who want to continue hearings, request special status conferences or make other procedural changes should do so either by signed stipulation and proposed order, or, if stipulation is not possible, by ex-parte application in writing.

6. <u>Recycled Paper</u>: The parties are encouraged to use recycled paper for all pleadings and filings.

7. <u>Cases Designated for Electronic Filing</u>:
    The parties must continue to comply with the filing requirements as set forth in the General Order No. 45.  In addition, counsel is required to provide Judge Illston's chambers with a hard copy of any document that is electronically filed.  Counsel must **NOT** under any circumstance deliver the copy to the Clerk's Office.

SO ORDERED.

s/Susan Illston
SUSAN ILLSTON
United States District Judge

## APPENDIX A - JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| Plaintiff(s), | CASE NO. |
| v. | JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER |
| Defendant(s). | |

The parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

### DESCRIPTION OF THE CASE

1. A brief description of the events underlying the action:

2. The principal factual issues which the parties dispute:

3. The principal legal issues which the parties dispute:

4. The other factual issues *[e.g. service of process, personal jurisdiction, subject matter jurisdiction or venue]* which remain unresolved for the reason stated below and how the parties propose to resolve those issues:

5. The parties which have not been served and the reasons:

6. The additional parties which the below-specified parties intend to join and the intended time frame for such joinder:

7. The following parties consent to assignment of this case to a United States Magistrate Judge for *[court or jury]* trial:

### ALTERNATIVE DISPUTE RESOLUTION

8. *[Please indicate the appropriate response(s).]*

☐ The case was automatically assigned to Nonbinding Arbitration at filing and will be ready for the hearing by *(date)*_____.

☐ The parties have filed a Stipulation and Proposed Order Selecting an ADR process *(specify process)*:_____.

☐ The parties filed a Notice of Need for ADR Phone Conference and the phone conference was held on or is scheduled for _____.

☐ The parties have not filed a Stipulation and Proposed Order Selecting an ADR process and the ADR process that the parties jointly request [or a party separately requests] is _____.

**APPENDIX PG. 2**

9. Please indicate any other information regarding ADR process or deadline.

## DISCLOSURES

10. The parties certify that they have made the following disclosures *[list disclosures of persons, documents, damage computations and insurance agreements]*:

## DISCOVERY

11. The parties agree to the following discovery plan *[Describe the plan e.g., any limitation on the number, duration or subject matter for various kinds of discovery; discovery from experts; deadlines for completing discovery]*:

## TRIAL SCHEDULE

12. The parties request a trial date as follows:

13. The parties expect that the trial will last for the following number of days:

Dated: _____          _____
                                  [Typed name and signature of counsel.]


Dated: _____          _____
                                  [Typed name and signature of counsel.]


## CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition the Court orders:

> *[The Court may wish to make additional orders, such as:*
> *a. Referral of the parties to court or private ADR process;*
> *b. Schedule a further Case Management Conference;*
> *c. Schedule the time and content of supplemental disclosures;*
> *d. Specially set motions;*
> *e. Impose limitations on disclosure or discovery;*
> *f. Set time for disclosure of identity, background and opinions of experts;*
> *g. Set deadlines for completing fact and expert discovery;*
> *h. Set time for parties to meet and confer regarding pretrial submissions;*
> *I. Set deadline for hearing motions directed to the merits of the case;*
> *j. Set deadline for submission of pretrial material;*
> *k. Set date and time for pretrial conference;*
> *l. Set a date and time for trial.]*


Dated: _____          _____
                                  UNITED STATES DISTRICT/MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ORIGINAL FILED
NOV 2 9 2005
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

|  |  |  |
|---|---|---|
| TEAL ESPRIT-TOUCHETTE | ) | |
| | ) | |
| Plaintiff(s) | ) | |
| | ) | C 05-04907 SI |
| -v- | ) | |
| | ) | ORDER SETTING INITIAL CASE MANAGEMENT |
| ELI LILLY & CO. | ) | CONFERENCE |
| Defendant(s) | ) | |

IT IS HEREBY ORDERED that this action is assigned to the Honorable Susan Illston.  When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order, the handbook entitled "Dispute Resolution Procedures in the Northern District of California" and all other documents specified in Civil Local Rule 4-2. Counsel must comply with the case schedule listed below unless the Court otherwise orders.

IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3.  Counsel and clients must familiarize themselves with that rule and with the handbook entitled "Dispute Resolution Procedures in the Northern District of California."

### CASE SCHEDULE   [ADR MULTI-OPTION PROGRAM]

| Date | Event | Governing Rule |
|---|---|---|
| 11/29/2005 | Complaint filed | |
| 03/10/2006 | Last day to meet and confer re initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP 26(f) & ADR LR 3-5 |
| 03/10/2006 | Last day to file Joint ADR Certification with Stipulation to ADR process or Notice of Need for ADR Phone Conference | Civil L.R. 16-8 |
| 03/24/2006 | Last day to complete initial disclosures or state objection in Rule 26(f) Report, file/serve Case Management Statement, and file/serve Rule 26(f) Report | FRCivP 26(a)(1) Civil L.R.16-9 |
| 03/31/2006 | Case Management Conference in Courtroom 10, 19th Flr. at 2:00 PM | Civil L.R. 16-10 |

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| | ) | |
| Plaintiff(s), | ) | NO.  C-                          SI |
| | ) | |
| vs. | ) | |
| | ) | **CASE MANAGEMENT** |
| | ) | **CONFERENCE ORDER** |
| | ) | |
| Defendant(s). | ) | |
| ——————————— | ) | |

      IT IS HEREBY ORDERED that, pursuant to Rule 16(b), Federal Rules of Civil Procedure, and Civil L.R. 16-10, a Case Management Conference will be held in this case before the Honorable Susan Illston on _____ at 2:00 p.m. in Courtroom No. 10, 19th floor Federal Building.

      Plaintiff(s) shall serve copies of this Order at once on all parties to this action, and on any parties subsequently joined, in accordance with the provisions of Fed.R.Civ.P. 4 and 5.   Following service, plaintiff(s) shall file certificate of service with the Clerk of this Court.

      Counsel are directed to confer in advance of the Case Management Conference with respect to all of the agenda items listed below.  Not less than seven days before the conference, counsel shall file a joint case management statement addressing each agenda item.  Failure to file a joint statement shall be accompanied by a signed declaration setting forth the grounds for such failure. Failure to show good cause for such failure may subject the parties to sanctions.

      Each party shall be represented at the Case Management Conference by counsel prepared to address all of the matters referred to in this Order, and with authority to enter stipulations and make admissions pursuant to this Order.  The parties are encouraged to attend.

Any request to reschedule the above dates should be made in writing, and by stipulation, if possible, not less than ten days before the conference date. Good cause must be shown.

The parties should be prepared to address and resolve at the Case Management Conference the following: setting the date and the estimated length of the trial; setting the date for discovery cutoff; setting the date to designate experts and other witnesses; and setting the date for the pretrial conference.

Other agenda matters which the Court will address at the Case Management Conference include the following:

1.     Does the Court have subject matter jurisdiction over all of the plaintiff's claim(s) and defendant's counter-claim(s)? What is the basis of that jurisdiction? Are all the parties subject to the Court's jurisdiction? Do any parties remain to be served?

2.     What are the factual and legal basis for plaintiff's claim(s) and defendant's defense(s)? Defendant's counter-claim(s) and plaintiff's defense(s) to the counterclaim(s)?

3.     What are the factual and legal issues genuinely in dispute?

4.     What are the issues that can be narrowed by agreement or by motions? Are there dispositive or partially dispositive issues appropriate for decision on motion?

5.     What are the motions anticipated by the parties?

6.     What relief does plaintiff seek? What is the amount of damage(s) sought by plaintiff's claim(s)? What is the amount of damage(s) sought by defendant's counterclaim(s)? How are the damages computed?

7.  What discovery does each party intend to pursue? Can discovery be limited in any manner? Are there any alternative methods available to obtain the necessary information? Should a discovery order and conference be entered pursuant to Fed.R.Civ.P 26(f)?

8.     Is this case suitable for reference to a binding arbitration, to a Special Master, or to a Magistrate Judge for trial? Is the case suitable for reference to the Judicial Panel on Multidistrict Litigation?

9.     Will this case be tried by a jury?  What is the anticipated length of trial?  Is it possible to reduce the length of trial by stipulation, use of summaries or statements, or other expedited means of presenting evidence?  Is it feasible and desirable to bifurcate issues for trial?

10.     Are there related cases pending before other Judges of this Court? See Civil L.R. 3-12.

11.     If a class action, how and when will the class(es) be certified?

12.     What are the earliest reasonable dates for discovery cutoff, pretrial conference and trial?

13.     What are the prospects for settlement?  Does any party wish to have a settlement conference with another Judge or Magistrate Judge?  How can settlement efforts be assisted?  See A.D.R. L.R. 7.

14.     Such other matters as any party considers conducive to the just, speedy and inexpensive determination of this action.

**CIVIL LAW AND MOTION MATTERS WILL BE HEARD ON FRIDAYS AT 9:00 A.M.  COUNSEL SHALL COMPLY WITH CIVIL L.R. 7 WITH RESPECT TO MOTION PROCEDURES.**

Discovery disputes: Counsel seeking the Court's intervention in a discovery dispute shall, after full compliance with Civil L.R. 37-1, file and serve a letter brief, 5 pages or less, explaining the dispute and the relief sought.  Opposing counsel shall respond by letter brief, 5 pages or less, within one week.  The Court will deem the matter submitted unless the Court determines that the issue requires oral argument, in which case a conference will be arranged.  For good cause shown, based on legal or factual complexity, discovery disputes may be brought by formal noticed motion heard on a regular law and motion calendar.  However, leave of Court to do so must be sought and obtained by ex-parte application in accordance with Civil L.R. 7-1(a)(3).

Failure to comply with this Order or the Local Rules of this Court may result in sanctions.  See Fed.R.Civ.P. 16(f), Civil L.R. 1-4.

**IT IS SO ORDERED.**

s/Susan Illston
**SUSAN ILLSTON**
**United States District Judge**

**JUDGE**

## SUSAN ILLSTON
## <u>STANDING ORDERS</u>

1.  <u>Scheduling Days</u>:

    a.   Criminal Law and Motion Calendar is conducted on Fridays at 11:00 a.m.

    b.   Civil Law and Motion Calendar is conducted on Fridays at 9:00 a.m.

    c.   Case Management Conferences are generally conducted on Fridays at 2:00 p.m, with order of call determined by the Court.

    d.   Pretrial Conferences are generally conducted on Tuesday afternoon at 3:30 p.m.

    e.   Counsel shall not reserve a motion hearing date, but may call the clerk to obtain the next available law and motion calendar. Motions may be reset as the Court's calendar requires.

2.  <u>Proposed Orders Required</u>: Each party filing or opposing a motion shall also serve and file a proposed order which sets forth the relief or action sought and a <u>short</u> statement of the rationale of decision, including citation of authority, that the party requests the Court to adopt.

3.  <u>Sealed Documents</u>: Counsel must strictly adhere to Civil Local Rule 79-5 when attempting to file documents under seal. Counsel shall submit the unsealed portion for filing in the public record. The proposed sealed portions must be placed in envelopes and submitted with the motion for leave to file under seal. The motion must specifically identify the portions to be filed under seal. The proposed order must identify exactly what is to be filed under seal. All chambers' copies must contain both the sealed and unsealed materials.

4.  <u>Courtesy Copies</u>: All courtesy copies submitted **MUST** be three-hole punched at the left margin.

5.  <u>Procedural Matters</u>: Parties who want to continue hearings, request special status conferences or make other procedural changes should do so either by signed stipulation and proposed order, or, if stipulation is not possible, by ex-parte application in writing.

6.  <u>Recycled Paper</u>: The parties are encouraged to use recycled paper for all pleadings and filings.

7.  <u>Cases Designated for Electronic Filing</u>:
    The parties must continue to comply with the filing requirements as set forth in the General Order No. 45. In addition, counsel is required to provide Judge Illston's chambers with a hard copy of any document that is electronically filed. Counsel must **NOT** under any circumstance deliver the copy to the Clerk's Office.

SO ORDERED.

s/Susan Illston
SUSAN ILLSTON
United States District Judge

## APPENDIX A - JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

|                   |   |                                |
|-------------------|---|--------------------------------|
|                   | \| | CASE NO.                       |
| Plaintiff(s),     | \| |                                |
|                   | \| | JOINT CASE MANAGEMENT STATEMENT |
| v.                | \| | AND PROPOSED ORDER             |
|                   | \| |                                |
| Defendant(s).     | \| |                                |

The parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

### DESCRIPTION OF THE CASE

1. A brief description of the events underlying the action:

2. The principal factual issues which the parties dispute:

3. The principal legal issues which the parties dispute:

4. The other factual issues *[e.g. service of process, personal jurisdiction, subject matter jurisdiction or venue]* which remain unresolved for the reason stated below and how the parties propose to resolve those issues:

5. The parties which have not been served and the reasons:

6. The additional parties which the below-specified parties intend to join and the intended time frame for such joinder:

7. The following parties consent to assignment of this case to a United States Magistrate Judge for *[court or jury]* trial:

### ALTERNATIVE DISPUTE RESOLUTION

8. *[Please indicate the appropriate response(s).]*

☐ The case was automatically assigned to Nonbinding Arbitration at filing and will be ready for the hearing by *(date)*_____.

☐ The parties have filed a Stipulation and Proposed Order Selecting an ADR process *(specify process)*:_____.

☐ The parties filed a Notice of Need for ADR Phone Conference and the phone conference was held on or is scheduled for _____.

☐ The parties have not filed a Stipulation and Proposed Order Selecting an ADR process and the ADR process that the parties jointly request [or a party separately requests] is _____.

9. Please indicate any other information regarding ADR process or deadline.

## DISCLOSURES

10. The parties certify that they have made the following disclosures *[list disclosures of persons, documents, damage computations and insurance agreements]*:

## DISCOVERY

11. The parties agree to the following discovery plan *[Describe the plan e.g., any limitation on the number, duration or subject matter for various kinds of discovery; discovery from experts; deadlines for completing discovery]*:

## TRIAL SCHEDULE

12. The parties request a trial date as follows:

13. The parties expect that the trial will last for the following number of days:

Dated: _____

_____
[Typed name and signature of counsel.]


Dated: _____

_____
[Typed name and signature of counsel.]


## CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.  In addition the Court orders:

*[The Court may wish to make additional orders, such as:*
*a.  Referral of the parties to court or private ADR process;*
*b.  Schedule a further Case Management Conference;*
*c.  Schedule the time and content of supplemental disclosures;*
*d.  Specially set motions;*
*e.  Impose limitations on disclosure or discovery;*
*f.  Set time for disclosure of identity, background and opinions of experts;*
*g.  Set deadlines for completing fact and expert discovery;*
*h.  Set time for parties to meet and confer regarding pretrial submissions;*
*I.  Set deadline for hearing motions directed to the merits of the case;*
*j.  Set deadline for submission of pretrial material;*
*k.  Set date and time for pretrial conference;*
*l.  Set a date and time for trial.]*


Dated: _____

_____
UNITED STATES DISTRICT/MAGISTRATE JUDGE

E-Filing **C 05 4907** *SI* 

# U.S. District Court Northern California

## ECF Registration Information Handout

The case you are participating in has been designated for this court's *Electronic Case Filing (ECF) Program, pursuant to Local Rule 5-4* and General Order 45. This means that you **must** (check off the boxes ☑ when done):

☐ **1) Register** to become an efiler by filling out the efiler application form. Follow ALL the instructions on the form carefully. If you are already registered in this district, do not register again, your registration is valid for life on all ECF cases in this district.

☐ **2) Serve** this ECF Registration Information Handout on **all** parties in the case along with the complaint, or for removals, the removal notice. DO NOT serve the efiler application form, just this handout.

☐ **3) Email** (do not efile) the complaint and, for removals, the removal notice and all attachments, in PDF format within ten business days, following the instructions below. You do not need to wait for your registration to be completed to email the court.

☐ **4) PACER** (Public Access to Court Electronic Records) access is mandatory to access dockets and documents. If your firm already has a PACER account, please use that - it is not necessary to have an individual account. PACER registration is free. If you need to establish or check on an account, visit: **http://pacer.psc.uscourts.gov** or call **(800) 676-6856.**

BY SIGNING AND SUBMITTING TO THE COURT A REQUEST FOR AN ECF USER ID AND PASSWORD, YOU CONSENT TO ENTRY OF YOUR E-MAIL ADDRESS INTO THE COURT'S ELECTRONIC SERVICE REGISTRY FOR ELECTRONIC SERVICE ON YOU OF ALL E-FILED PAPERS, PURSUANT TO RULES 77 and 5(b)(2)(D) (eff. 12.1.01) OF THE FEDERAL RULES OF CIVIL PROCEDURE.

**All subsequent papers in this case shall be filed electronically.**

ECF registration forms, interactive tutorials and complete instructions for efiling may be found on the ECF website: **http://ecf.cand.uscourts.gov**

### Submitting Initiating Documents
PDF versions of all the initiating documents originally submitted to the court (Complaint or Notice of Removal, Civil Cover Sheet, exhibits, etc.) must be **emailed (not efiled)** to the **PDF email box for the presiding judge** (not the referring judge, if there is one) **within 10 (ten) business days** of the opening of your case. For a complete list of the email addresses, please go to: **http://ecf.cand.uscourts.gov** and click on **[Judges]**.

# U.S. District Court Northern California

**Submitting Initiating Documents** (continued)
You must include the case number and judge's initials in the subject line of all relevant emails to the court. You do not need to wait for your registration to email these documents.

These documents must be emailed instead of e-filed to prevent duplicate entries in the ECF system. All other documents must be e-filed from then on.

**Converting Documents to PDF**
Conversion of a word processing document to a PDF file is required before any documents may be submitted to the Court's electronic filing system. Instructions for creating PDF files can be found at the ECF web site: **http://ecf.cand.uscourts.gov**, and click on **[FAQ]**.

**Email Guidelines**
When sending an email to the court, the subject line of the email **must** contain the **case number, judge's initials** and the **type of document(s)** you are sending, and/or the topic of the email.

**Examples:**
The examples below assume your case number is 03-09999 before the Honorable Charles R. Breyer:

| Type of Document | Email Subject Line Text |
|---|---|
| Complaint Only | 03-09999 CRB Complaint |
| Complaint and Notice of Related Case | 03-09999 CRB Complaint, Related Case |
| Complaint and Motion for Temporary Restraining Order | 03-09999 CRB Complaint, TRO |

**Questions**
Almost all questions can be answered in our **FAQ**s at **http://ecf.cand.uscourts.gov**, please check them first.

You may also email the ECF Help Desk at ECFhelpdesk@cand.uscourts.gov or call the toll-free ECF Help Desk number at: (866) 638-7829.

The ECF Help Desk is staffed Mondays through Fridays from 9:00am to 4:00pm Pacific time, excluding court holidays.

# WELCOME TO THE U.S. DISTRICT COURT, SAN FRANCISCO
# OFFICE HOURS:   9:00 A.M. TO 4:00 P.M.
# (415) 522-2000
## OUR WEBSITE: www.cand.uscourts.gov

**IN ADDITION TO THE LOCAL RULES, THE FOLLOWING GUIDELINES HAVE BEEN PROVIDED TO ENSURE THAT THE FILING PROCESS IS ACCOMPLISHED WITH EASE AND ACCURACY.   FOR ADDITIONAL INFORMATION OR ASSISTANCE, PLEASE CALL THE ABOVE NUMBER DURING OFFICE HOURS.**

1. Documents are to be filed in the Clerk's Office at the location of the chambers of the judge to whom the action has been assigned.  We do not accept filings for cases assigned to judges or magistrate judges in the Oakland or San Jose division, per Civil L.R. 3-2(b).

2. This office will retain the original plus one copy of most documents submitted. We will conform as many copies as you bring for your use.  Related cases require an extra copy for **each** related action designated.

3. The copy retained goes directly to the assigned Judge.  Courtesy copies, or instructions for couriers to deliver a copy directly to chambers are inappropriate, unless you have been instructed to do so by court order.

4. In order to facilitate the file stamping process, each original document should be submitted on top of its copies.  In other words, group like documents together--as opposed to a set of originals and separate sets of copies.

5. The case number must indicate whether it is a civil or criminal matter by the inclusion of **C** or **CR** at the beginning of the number.  Miscellaneous and foreign judgment matters should also be indicated with initials **MISC** or **FJ** at the end of the case number.

6. The case number must include the initials of the judge and/or magistrate judge followed by the letters designating the case Arbitration **(ARB)**, Early Neutral Evaluation **(ENE)** or Mediation **(MED)**--if assigned to one of those programs.

7. The document caption should include the appropriate judge or magistrate judge involved in a particular matter or before whom an appearance is being made.  This is especially important when submitting Settlement Conference Statements.

8. Documents are to be stapled or acco-fastened at the top.  Backings, bindings and covers are not required.  Two holes punched at the top of the original document will facilitate processing.

9. Appropriately sized, stamped, self-addressed return envelopes are to be included

with proposed orders or when filing documents by mail.

10. Proofs of service should be attached to the back of documents. If submitted separately, you must attach a pleading page to the front of the document showing case number and case caption.

11. There are no filing fees once a case has been opened.

12. New cases must be accompanied by a completed and signed Civil Cover Sheet, the filing fee or fee waiver request form and an original plus **two** copies of the complaint and any other documents. For Intellectual Property cases, please provide an original plus **three** copies of the complaint. Please present new cases for filing before 3:30 p.m., as they take a considerable amount of time to process.

13. Copies of forms may be obtained at no charge. They may be picked up in person from the Clerk's Office forms cabinet or with a written request accompanied by an appropriate sized, stamped, self-addressed envelope for return. In addition, copies of the Local Rules may be obtained, free of charge, in the Clerk's Office or by sending a written request, along with a self-addressed, 10" x 14" return envelope, stamped with $3.00 postage to: Clerk, U.S. District Court, 450 Golden Gate Avenue, 16th Floor, San Francisco, CA 94102.

14. Two computer terminals which allow public access to case dockets and one terminal with information regarding files at the Federal Records Center (FRC) are located in the reception area of the Clerk's Office. Written instructions are posted by the terminals. Outside of the Clerk's Office, electronic access to dockets is available through PACER. To obtain information or to register call 1-800-676-6851.

15. A file viewing room is located adjacent to the reception area. Files may be viewed in this area after signing the log sheet and presenting identification. Files are to be returned by **1:00 PM** Under no circumstances are files to be removed from the viewing room.

16. The Clerk's Office can only accept payment by **exact change or check** made payable to Clerk, U.S. District Court. No change can be made for fees or the public copy machine.

17. Two pay copy machines are located in the file viewing room for public use, at fifteen cents ($.15) per page. Copy cards may be purchases at the snack bar on the first floor. Orders for copywork may be placed through Lone Star by phoning 415-255-8550. Arrangements may be made to bring in a personal copier by calling the Clerk's Office in advance.

18.   We have a drop box for filing when the Clerk's Office is closed.  Please see
      attached for availability and instructions.

| SAN FRANCISCO JUDGES | SAN JOSE JUDGES | OAKLAND JUDGES |
|---|---|---|
| MHP | JW | DLJ |
| SC | RMW | SBA |
| WWS | JF | CW |
| TEH | | |
| FMS | | |
| VRW | | |
| MMC | | |
| SI | | |
| CRB | | |
| MJJ | | |
| WHA | | |
| PJH | | |
| JSW | | |

## SAN FRANCISCO MAGISTRATE JUDGES

MEJ
BZ
JL
EDL
JCS
EMC

## SAN JOSE MAGISTRATE JUDGES

EAI
PVT
RS
HRL

## OAKLAND MAGISTRATE JUDGE

WDB



# Frequently Asked Questions (FAQ)

**Question:**
*How do I file after hours using the DROP BOX?*

**Answer:**

| San Francisco | 16th Floor | building closed between 6PM and 6AM | more info 415-522-2000 |
|---|---|---|---|
| San Jose | 2nd Floor | building closed between 5PM and 7:30AM | more info 408-535-5364 |
| Oakland | 1st Floor | building closed between 5:00 PM and 7:00 AM | more info 510-637-3530 |

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### DROP BOX FILING PROCEDURES

1. The drop box, located outside the Clerk's Office (see above chart), is available for the filing of documents before 9:00 a.m. and after 4:00 p.m. weekdays. Please note that access to the federal building is limited to 'normal business hours' (as noted in the chart above).

2. The drop box may not be used for the filing of any briefs in support of, or in opposition to, any matter scheduled for a hearing within 7 calendar days. All such documents must be filed in the Clerk's Office during regular office hours by the date due.

3. Using the electronic file stamping machine located next to the drop box, stamp each original document "Received" on the **back side of the last page**. Clerk's Office employees empty the box once each court day when the Clerk's Office opens to the public. The "Filed" date, which will be placed on original documents by Intake personnel, will be the same as the "Received" date, unless the "Received" date is a weekend or Court holiday. In those instances, the "Filed" date will be the first court day following the weekend or holiday. Documents placed in the drop box without a "Received" stamp will be filed as of the day the box is next emptied.

4. After stamping each original and enclosing one copy for the court,* the documents must be placed in an orange court mailing pouch or red Expando folder provided for your convenience. *To facilitate processing of your documents, each original document should be submitted on top of its copies.* Prior to placing the pouch or folder in the drop box,

please insert in the pouch or folder window a fully completed **Drop Box Filing Information Card.** You may use more than one pouch or folder per filing, *but a separate Information Card must be enclosed for each one.*

(*Please note that the Clerk's Office will retain two copies of all new complaints relating to patents, trademarks and copyrights.)

5. If you wish us to mail you one or more conformed copies that you have provided, you must enclose an appropriately sized, self-addressed, stamped envelope with adequate return postage. Alternatively, if you would like to pick up conformed copies, please mark your return envelope "**FOR MESSENGER PICK UP BY: (NAME, FIRM)** ." Your copies will be available for pick-up **after 2:00 p.m.** on the day the drop box is emptied.

6. A filing fee, if required, may be paid by check or money order, payable to "Clerk, U.S. District Court" in an exact amount. *Please do not enclose cash.*

7. Documents deposited in the drop box must be in compliance with all local and federal rules, as appropriate. Documents filed "Under Seal" must be submitted in compliance with Civil L.R. 79-5.

---

While the information presented above is accurate as of the date of publication, it should not be cited or relied upon as legal authority. It is highly recommended that legal advice be obtained from an attorney or legal association. For filing requirements, please refer to the **Federal Rules of Civil Procedure**, **Federal Rules of Evidence**, **US Code**, **Federal Rules of Criminal Procedure**, **Code of Federal Regulations**, and the Local Rules for the Northern District of California .

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

# NOTICE OF AVAILABILITY OF MAGISTRATE JUDGE
## TO EXERCISE JURISDICTION

In accordance with the provisions of Title 28, U.S.C., § 636(c), you are hereby notified that a United States magistrate judge of this district is available to exercise the court's jurisdiction and to conduct any or all proceedings in this case including a jury or nonjury trial, and entry of a final judgment. Exercise of this jurisdiction by a magistrate judge is, however, permitted only if all parties voluntarily consent.

You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's jurisdiction from being exercised by a magistrate judge.

An appeal from a judgment entered by a magistrate judge may be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of a district court.

Copies of the Form for the "Consent to Exercise of Jurisdiction by a United States Magistrate Judge" are available from the clerk of court.

The plaintiff or removing party shall serve a copy of this notice upon all other parties to this action pursuant to Federal Rules of Civil Procedure 4 and 5.

FOR THE COURT
RICHARD W. WIEKING, CLERK

By: Deputy Clerk

magcons.ntc (rev. 10/99)

AO 398 (12/93)

# NOTICE OF LAWSUIT AND REQUEST FOR
# WAIVER OF SERVICE OF SUMMONS

TO:   (A) _____

as   (B) _____ of (C) _____

      A lawsuit has been commenced against you (or the entity on whose behalf you are addressed.) A copy of the complaint is attached to this notice. It has been filed in the United States District Court

for the (D) _____ District of _____

and has been assigned docket number (E) _____ .

      This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (F) _____ days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

      If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States.)

      If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

      I affirm that this request is being sent to you on behalf of the plaintiff, this _____ day of

_____ , _____ .

_____
Signature of Plaintiff's Attorney
or Unrepresented Plaintiff

A — Name of individual defendant (or name of officer or agent of corporate defendant)
B — Title, or other relationship of individual to corporate defendant
C — Name of corporate defendant, if any
D — District
E — Docket number of action
F — Addressee must be given at least 30 days (60 days if located in foreign country) in which to return waiver

AO 399 (12/93)

# WAIVER OF SERVICE OF SUMMONS

TO: _____
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I acknowledge receipt of your request that I waive service of a summons in the action of

_____ , which is case number _____
(CAPTION OF ACTION)                                      (DOCKET NUMBER)

in the United States District Court for the _____ District of

_____ . I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after _____ ,
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

_____          _____
DATE                          SIGNATURE

Printed/Typed Name: _____

As _____ of _____
(TITLE)                              (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

**INSTRUCTIONS FOR COMPLETION OF ADR FORMS
REGARDING SELECTION OF AN ADR PROCESS
(ADR L.R. 3-5)**

Under ADR L.R. 3-5, by the date set forth in the initial case management scheduling order, counsel shall meet and confer to attempt to agree on an ADR process. By that date, counsel also must file one of the two attached forms, as explained below:

- If the parties have agreed to non-binding arbitration, ENE, mediation, or private ADR, they shall file the form captioned "STIPULATION AND [PROPOSED] ORDER SELECTING ADR PROCESS / ADR CERTIFICATION."

- If the parties either have not yet reached an agreement to an ADR process or they have agreed to an early settlement conference before a magistrate judge, they shall file the form captioned "NOTICE OF NEED FOR ADR PHONE CONFERENCE [ADR L.R. 3-5] / ADR CERTIFICATION."

Please note that parties selecting an early settlement conference with a magistrate judge are required to participate in an ADR phone conference.

**Under ADR L.R. 3-5(e), a copy of the applicable form must be <u>received</u> by the ADR Unit by the date set forth in the initial case management scheduling order. This copy may be provided in the form of a courtesy copy designated for the ADR Unit presented along with the filed original or may be submitted by fax directly to the ADR Unit at (415) 522-4112.**

G:\ADRALL\adrinstr.frm

1
2
3          IN THE UNITED STATES DISTRICT COURT
4          FOR THE NORTHERN DISTRICT OF CALIFORNIA
5
6                                              No. C
7                    Plaintiff,              **STIPULATION AND [PROPOSED]**
                                             **ORDER SELECTING ADR PROCESS**
8     v.                                     **ADR CERTIFICATION**
9
10                   Defendant.                    /
11
12        The parties stipulate to participate in the following ADR process:
13    **Court Processes:**
14        ❑ Arbitration        ❑ ENE        ❑ Mediation
15    *(To provide additional information regarding timing of session, preferred subject matter expertise of*
16    *neutral, or other issues, please attach a separate sheet.)*
17    **Private Process:**
18        ❑ Private ADR *(please identify process and provider)*
19
20
21    Dated: _____
                                    _____
22                                  Attorney for Plaintiff
23    Dated: _____
                                    _____
24                                  Attorney for Defendant
25    IT IS SO ORDERED:
26
27    Dated: _____
                                    _____
28                                  UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

**STIPULATION AND ORDER SELECTING ADR PROCESS / ADR CERTIFICATION**
G:\ADRALL\ADRPC3A.FRM                                    REV. 5/00

**SIGNATURE AND CERTIFICATION BY PARTIES AND LEAD TRIAL COUNSEL**

Pursuant to Civ. L.R. 16 and ADR L.R. 3-5(b), each of the undersigned certifies that he or she has read either the handbook entitled "Dispute Resolution Procedures in the Northern District of California," or the specified portions of the ADR Unit's Internet site <www.adr.cand.uscourts.gov>, discussed the available dispute resolution options provided by the court and private entities, and considered whether this case might benefit from any of them.

*(Note: This Certification must be signed by each party and its counsel.)*

Dated: _____     _____
                           [Typed name and signature of plaintiff]


Dated: _____     _____
                           [Typed name and signature of counsel for plaintiff]


Dated: _____     _____
                           [Typed name and signature of defendant]


Dated: _____     _____
                           [Typed name and signature of counsel for defendant]

**United States District Court**
For the Northern District of California

**STIPULATION AND ORDER SELECTING ADR PROCESS / ADR CERTIFICATION**

G:\ADRALL\ADRPC3A.FRM                    2                    REV. 5/00

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

No. C

Plaintiff,

v.

Defendant.                              /

**NOTICE OF NEED FOR ADR PHONE CONFERENCE [ADR L.R. 3-5]**

**ADR CERTIFICATION**

The parties either:

☐      have not yet reached an agreement to an ADR process, or

☐      have tentatively agreed to a settlement conference before a magistrate judge.

Accordingly, ADR L.R. 3-5 requires a telephone conference with the ADR Director or Program Counsel before the case management conference.

**Last day to file Joint Case Management Statement:** _____

**Date of Initial Case Management Conference:** _____

The following counsel will participate in the ADR phone conference:

| *Name* | *Party Representing* | *Phone No.* | *Fax No.* |
|--------|----------------------|-------------|-----------|
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

*(For additional participants, please attach a separate sheet with the above information.)*

***The ADR Unit will notify you by return fax indicating, in the space below, the date and time of your phone conference. Plaintiff's counsel shall initiate the call using the following number: (415) 522-4603. Please consult ADR L.R. 3-5(d).***

*For court use only:*

**ADR Phone Conference Date:** _____     **Time:** _____ **AM/PM**

**For scheduling concerns, call 415-522-2199.**

**Date:** _____     _____
                                  **ADR Case Administrator**

**NOTICE OF NEED FOR ADR PHONE CONFERENCE / ADR CERTIFICATION**

G:\ADR\ALL\ADRPC3B.FRM

Rev. 5/00

United States District Court
For the Northern District of California

**SIGNATURE AND CERTIFICATION BY PARTIES AND LEAD TRIAL COUNSEL**

 Pursuant to Civ. L.R. 16 and ADR L.R. 3-5(b), each of the undersigned certifies that he or she has read either the handbook entitled "Dispute Resolution Procedures in the Northern District of California," or the specified portions of the ADR Unit's Internet site <www.adr.cand.uscourts.gov>, discussed the available dispute resolution options provided by the court and private entities, and considered whether this case might benefit from any of them.

 *(Note: This Certification must be signed by each party and its counsel.)*

Dated: _____     _____
                           [Typed name and signature of plaintiff]


Dated: _____     _____
                           [Typed name and signature of counsel for plaintiff]


Dated: _____     _____
                           [Typed name and signature of defendant]


Dated: _____     _____
                           [Typed name and signature of counsel for defendant]

**NOTICE OF NEED FOR ADR PHONE CONFERENCE / ADR CERTIFICATION**



# Dispute Resolution Procedures

### in the
### Northern District
### of California

# United States District Court





# Table of Contents

**Why does the court offer ADR?**.................................................................................2
A Message from the Judges of the U.S. District Court

**How can ADR help in my case?**...................................................................................4

**Which ADR processes does the court offer?**...............................................6
Arbitration.......................................................................................................................6
Early Neutral Evaluation............................................................................................9
Mediation.......................................................................................................................12
Settlement Conferences..............................................................................................14
Other ADR Processes.................................................................................................16

**Which is the most suitable ADR process for my case?**...................17
Chart...............................................................................................................................18

**What else do I need to know?** ...............................................................................20
Questions and Answers regarding:
       The ADR Multi-Option Program
       Procedures and timing for referring cases to ADR
       Concerns about ADR

**Where can I get more information?**.................................................................24

To help ensure that you make informed choices, the court requires, under Civil Local Rule 16, that every attorney and client certify that they have read this handbook and considered the ADR options. Reading this handbook is not a substitute for understanding the ADR Local Rules. Be sure to consult the rules when selecting and participating in an ADR process.

We have committed substantial resources to our ADR programs because we are confident that litigants who use them conscientiously can save significant money and time and will often obtain more satisfying results.

Vaughn R. Walker
Chief Judge
For all the Judges of the Court

3

improve the quality of justice by helping the parties obtain a better understanding of their case early on.  It may:

- provide an opportunity for clients to communicate their views directly and informally
- help parties get to the core of the case and identify the disputed issues
- enhance the parties' understanding of the relevant law and the strengths and weaknesses of their positions
- help parties agree to exchange key information directly

**Improve case management**

Attorneys in litigation sometimes find it difficult, early in the case, to devise a cost-effective case management plan, reach stipulations or narrow the dispute.  An ADR neutral can help parties:

- streamline discovery and motions
- narrow the issues in dispute and identify areas of agreement and disagreement
- reach factual and legal stipulations

**Reduce hostility**

Due to its adversarial nature, litigation sometimes increases the level of hostility between sides, which can make communication more difficult and impede chances for settlement.  In contrast, a trained ADR neutral can:

- improve the quality and tone of communication between parties
- decrease hostility between clients and between lawyers
- reduce the risk that parties will give up on settlement efforts

**WHEN ADR MAY NOT BE USEFUL**

Although most cases can benefit in some way from ADR, some cases might be better handled without ADR.  These include suits in which:

- a party seeks to establish precedent
- a dispositive motion requiring little preparation will probably succeed
- a party needs the protections of formal litigation
- a party prefers that a judge preside over all processes

If your dispute might benefit from one or more of the listed advantages, you should seriously consider trying ADR and give careful thought to selecting the most appropriate process for your case.

The process includes important, trial-like sources of discipline and creates good opportunities to assess the impact and credibility of key witnesses:

- parties may use subpoenas to compel witnesses to attend or present documents
- witnesses testify under oath, through direct and cross-examination
- the proceedings can be transcribed and testimony could, in some circumstances, be used later at trial for impeachment

Arbitrators apply the law to the facts of the case and issue a non-binding award on the merits. Arbitrators do not "split the difference" and do not conduct mediations or settlement negotiations.

## Preservation of right to trial

Either party may reject the non-binding award and request a trial *de novo* before the assigned judge, who will not know the content of the arbitration award. If no such demand is filed within the prescribed time, the award becomes the final judgment of the court and is not subject to appellate review. There is no penalty for demanding a trial *de novo* or for failing to obtain a judgment at trial that is more favorable than the arbitration award. Rejecting an arbitration award will not delay the trial date.

Parties may stipulate in advance to waive their right to seek a trial *de novo* and thereby commit themselves to be bound by the arbitration award.

## The neutral(s)

The court provides the parties with a list of 10 trained arbitrators. Taking turns, the parties strike four names and rank the remaining six in order of preference. The court attempts to assign the parties' first choice.

All arbitrators on the court's panel have the following qualifications:

- admission to the practice of law for at least ten years
- for at least five years, spent a minimum of 50 percent of professional time litigating or had substantial experience as an ADR neutral
- training by the court

## Attendance

Insurers of parties are strongly encouraged to attend the arbitration. The following individuals are required to attend:

- clients with knowledge of the facts
- the lead trial attorney for each party
- any witnesses compelled by subpoena

## Early Neutral Evaluation

### Goal

The goals of Early Neutral Evaluation (ENE) are to:

- enhance direct communication between the parties about their claims and supporting evidence
- provide an assessment of the merits of the case by a neutral expert
- provide a "reality check" for clients and lawyers
- identify and clarify the central issues in dispute
- assist with discovery and motion planning or with an informal exchange of key information
- facilitate settlement discussions, when requested by the parties

ENE aims to position the case for early resolution by settlement, dispositive motion or trial. It may serve as a cost-effective substitute for formal discovery and pretrial motions. Although settlement is not the major goal of ENE, the process can lead to settlement.

### Process

The evaluator, an experienced attorney with expertise in the subject matter of the case, hosts an informal meeting of clients and counsel at which the following occurs:

- each side–through counsel, clients or witnesses–presents the evidence and arguments supporting its case (without regard to the rules of evidence and without direct or cross-examination of witnesses)
- the evaluator identifies areas of agreement, clarifies and focuses the issues and encourages the parties to enter procedural and substantive stipulations
- the evaluator writes an evaluation in private that includes:
  - an estimate, where feasible, of the likelihood of liability and the dollar range of damages
  - an assessment of the relative strengths and weaknesses of each party's case
  - the reasoning that supports these assessments
- the evaluator offers to present the evaluation to the parties, who may then ask either to:
  - hear the evaluation (which must be presented if any party requests it), or
  - postpone hearing the evaluation to:
    - engage in settlement discussions facilitated by the evaluator, often in separate meetings with each side, or
    - conduct focused discovery or make additional disclosures

**Confidentiality**

Communications made in connection with an ENE session ordinarily may not be disclosed to the assigned judge or to anyone else not involved in the litigation, unless otherwise agreed.

**Timing**

An ENE session may be requested at any time. Usually, the time for holding the ENE session is:

- for cases in the ADR Multi-Option program (see page 20), presumptively within 90 days after the first Case Management Conference, but this date may be changed by the judge for good cause
- for other cases, generally 60-90 days after referral to ENE, or as otherwise fixed by the court

The evaluator contacts counsel to schedule an initial telephone conference to set the date, time and location of the ENE session and to discuss how to maximize the utility of ENE.

**Written submissions**

Counsel exchange and submit written statements to the evaluator at least 10 days before the ENE session. ADR Local Rule 5-9 lists special requirements for intellectual property cases. The statements are not filed with the court.

**Appropriate cases/circumstances**

All civil cases are eligible, if the court has an available evaluator with the appropriate subject matter expertise. Cases with the following characteristics may be particularly appropriate:

- counsel or the parties are far apart on their view of the law and/or value of the case
- the case involves technical or specialized subject matter-and it is important to have a neutral with expertise in that subject
- case planning assistance would be useful
- communication across party lines (about merits or procedure) could be improved
- equitable relief is sought-if parties, with the aid of a neutral expert, might agree on the terms of an injunction or consent decree

**Cost**

The evaluator volunteers preparation time and the first four hours of the ENE session. After four hours of ENE, the evaluator may (1) continue to volunteer his or her time or (2) give the parties the option of concluding the procedure or paying the evaluator for additional time at an hourly rate of $200, to be split among the parties as they determine. The procedure continues only if all parties and the evaluator agree. After eight hours in one or more ENE sessions, if all

11

Most mediators on the court's panel are lawyers who have been admitted to practice for at least seven years. The panel also includes a few mediators who have other professional credentials. The court's ADR staff will appoint a non-lawyer mediator only after obtaining the parties' permission. All mediators on the court's panel have the following qualifications:

- experience in communication and negotiation techniques
- knowledge about civil litigation in federal court
- training by the court

## Attendance

The following individuals are required to attend the mediation session:

- clients with settlement authority and knowledge of the facts
- the lead trial attorney for each party
- nsurers of parties, if their agreement would be necessary to achieve a settlement

Requests to permit attendance by phone rather than in person, which will be granted only under extraordinary circumstances, may be made to the ADR Magistrate Judge. Clients are strongly encouraged to participate actively in the mediation.

## Confidentiality

Communications made in connection with a mediation ordinarily may not be disclosed to the assigned judge or to anyone else not involved in the session, unless otherwise agreed.

## Timing

A mediation may be requested at any time. Usually, the time for holding the mediation is:

- for cases in the ADR Multi-Option program (see page 20), presumptively within 90 days after the first Case Management Conference, but this date may be changed by the judge for good cause
- for other cases, generally 60-90 days after the referral to mediation, or as otherwise fixed by the court

The mediator contacts counsel to schedule an initial telephone conference to set the date, time and location of the mediation session and to discuss how to maximize the utility of mediation.

## Written submission

Counsel exchange and submit written statements to the mediator at least 10 days before the mediation. The mediator may request or accept additional confidential statements that are not shared with the other side. These statements are not filed with the court.

**The neutral**

A magistrate judge or, in limited circumstances, a district judge conducts the settlement conference. The judge who would preside at trial does not conduct the settlement conference unless the parties stipulate in writing and the judge agrees. Parties may request a specific magistrate judge or rank several magistrate judges in order or preference. The court will attempt to accommodate such preferences.

Magistrate judges have standing orders setting forth their requirements for settlement conferences, including written statements and attendance. Questions about these issues should be directed to the chambers of the assigned magistrate judge.

**Attendance**

Settlement judges' standing orders generally require the personal attendance of lead counsel and the parties. This requirement is waived only when it poses a substantial hardship, in which case the absent party is required to be available by telephone. Persons who attend the settlement conference are required to be thoroughly familiar with the case and to have authority to negotiate a settlement.

**Confidentiality**

Communications made in connection with a settlement conference ordinarily may not be disclosed to the assigned judge or to anyone else not involved in the litigation, unless otherwise agreed.

**Timing**

The assigned judge may refer a case to a magistrate judge for a settlement conference at any time. The timing of the settlement conference depends on the schedule of the assigned magistrate judge.

**Written submissions**

Written settlement conference statements, when required, are submitted directly to the settlement judge. The statements are not filed with the court.

**Appropriate cases/circumstances**

All civil cases are eligible. Cases with the following characteristics may be particularly appropriate:

- a client or attorney prefers to appear before a judicial officer
- issues of procedural law are especially important
- a party is not represented by counsel



# Which is the most suitable ADR process for my case?

Each ADR process meets different needs and circumstances. When selecting an ADR process, you should carefully consider the needs of your particular case or situation and identify the goals you hope to achieve through ADR. Then select the ADR process that appears to maximize the potential for achieving your goals.

The chart on the next page may help you select an ADR process. The chart summarizes the court's general observations about the major benefits of ADR and the extent to which the court's four major ADR processes are likely to accomplish them. These are generalizations that the court believes are accurate in many, but not all, cases. The likelihood that a particular ADR process will deliver a benefit depends not only on the type of process, but on numerous other factors including: the style of the neutral; the type and procedural posture of the case; and the parties' and counsel's attitudes and personalities, level of preparation, and experience with the particular ADR process. The court's ADR staff is available to help you select or customize an ADR process to meet your needs.

**What if I don't have a lawyer?**
If you are not represented by a lawyer, the court suggests that you select the option of a magistrate judge settlement conference where your questions and concerns can be addressed directly by a judge who has experience working with unrepresented parties. Volunteer mediators, evaluators, and arbitrators, who take only a few cases each year, sometimes feel uncomfortable working with unrepresented parties, making it more difficult to place your case in these programs and potentially slowing down the process. If you do select mediation, ENE or non-binding arbitration and we are unable to find a suitable neutral, your case will be redirected to a settlement conference with a magistrate judge.

**Notes**

1. Arbitration may provide this benefit when the award triggers or contributes to settlement discussions.

2. ENE may provide this benefit when the parties use it for settlement discussions. Many of the court's ENE evaluators also have been trained as mediators.

3. Depending on the settlement judge's particular style, a settlement conference may or may not deliver this benefit.

4. The arbitration award may not be disclosed to the assigned trial judge until the action is terminated. Although the award is not admissible at a trial *de novo*, recorded communications made during the arbitration may be admissible for limited purposes.

5. Mediation may deliver this benefit, but it focuses primarily on settlement.

6. Depending on the subject of the dispute, the neutral may have expertise.

7. This benefit may result if the parties participate actively in the joint session.

**By other order of the court**

The assigned judge may order the case into an ADR program at the request of a party or on the judge's own initiative. *See* ADR Local Rule 2-3(b).

## When can I get my case into an ADR process?

**At any time**

Counsel, individually or jointly, can request an ADR referral at any time. The court encourages the use of ADR as early as it can be helpful.

**Before the Case Management Conference**

If all parties agree on an ADR process before the initial Case Management Conference, which usually occurs about 120 days after filing, you should submit a stipulation and proposed order identifying the process selected and the time frame you prefer.

**At the Case Management Conference**

If all parties have not yet agreed on an ADR process before the initial case management conference, you will discuss ADR with the judge at the conference. You are asked to state your ADR preferences in the Joint Case Management Statement you file before that conference.

## When is the best time to use ADR and how much discovery should I first complete?

You should consider using ADR early, whether you are seeking assistance with settlement or case management. Conducting full-blown discovery before an ADR session may negate potential cost savings. If you are using ADR for settlement purposes, you should know enough about your case to assess its value and identify its major strengths and weaknesses.

## Will ADR affect the status of my case on the trial track or disclosure and discovery?

Assignment to an ADR process generally does not affect the status of your case in litigation. Disclosure, discovery and motions are not stayed during ADR proceedings unless the court orders otherwise. Judges sometimes postpone case management or status conferences until after the parties have had an ADR session. If your case does not settle through ADR, it remains on the litigation track.

side.  Although you need not reveal in an ADR session sensitive information related to trial strategy, you might find it useful to raise it in a confidential separate session with the neutral (available after the evaluator prepares the evaluation in ENE, or at any time in mediation or a settlement conference).  You can then hear the neutral's views of the significance of the information and whether or when sharing it with the other side may benefit you in the negotiations.